[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12636
Non-Argument Calendar

_____

BIA No. A96-437-572

NAZEER HASWANEE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 8, 2006)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Nazeer Haswanee petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing Haswanee's appeal of the Immigration

Judge's ("IJ's") denial of a continuance and order of removal. Haswanee raises

two issues. First, he argues that the IJ abused its discretion in denying his motion

for a continuance because he had an approved labor certification and an

immediately available visa number, and his Form I-140 petition for an

employment-based visa was pending. Second, he argues that the BIA and IJ

denied him due process and equal protection of the law in denying his motion to

continue while his visa petition was pending. For the reasons set forth more fully

below, we grant Haswanee's petition for review in part, vacate the decision of the

BIA, and remand for further proceedings.

## I. Background

Haswanee, a native citizen of Pakistan, entered the United States on March

23, 1999 as a nonimmigrant visitor for pleasure with authorization to remain until

September 21, 1999, which time was extended one year, until September 22, 2000.

Haswanee, however, remained in the United States beyond that date, and, on

March 6, 2003, the former Immigration and Naturalization Service ("INS")[1] issued

---

[1]The Homeland Security Act ("HSA"), effective November 25, 2002, created the Department of Homeland Security ("DHS") and abolished the INS. Pub.L.No. 107-296, 116 Stat. 2135. The HSA transferred INS functions to the DHS. This case was initiated while the INS was still in existence. This opinion, therefore, refers to the INS rather than the DHS as the relevant agency.

him a notice to appear ("NTA"), charging him with removability under INA § 237(a)(1)(B), (a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(B), (a)(1)(C)(i), as an alien who remained in the United States longer than permitted and who failed to comply with the conditions of his nonimmigrant status. The NTA further charged that Haswanee had been employed for wages or other compensation from March 15, 2000 to the time of his NTA without authorization from the INS. On April 25, 2001, Haswanee's employer filed an application for alien employment certification ("labor certification") on his behalf, which the United States Department of Labor ("DOL") certified on February 18, 2004. In addition the DOL instructed that the certification must be attached to the I-140 petition and filed with the INS. On April 20, 2004, Haswanee's employer filed an I-140 immigrant petition for alien worker on his behalf. The INS confirmed receipt of Haswanee's I-140 on May 5, 2004, and indicated that it generally took 350 to 400 days to process such a case.

During his hearing before the IJ in his removal proceedings, Haswanee moved to continue his proceedings until the resolution of his I-140 petition. The IJ denied Haswanee's motion for a continuance, finding that, unlike a family-based visa petition, no case law existed that required a continuance based upon a pending employment-based visa petition. The IJ further found that Haswanee's knowing violation of the immigration laws could not be overlooked, "and, as a matter of discretion, the [IJ did] not find that the approved labor cert[ification] [wa]s

3

compelling either to grant a continuance or to grant voluntary departure."

Haswanee appealed the decision to the BIA. The BIA dismissed his appeal, affirming the IJ's decision to deny the continuance. It noted that Haswanee's I-140 visa petition had not been approved as of the date of the BIA's decision. The BIA further found that Haswanee had not established that he was prima facie eligible for adjustment of status under INA § 245(a), 8 U.S.C. § 1255(a) because he was not the beneficiary of an approvable visa petition and had been "out of status" for failing to refrain from working unlawfully and to leave the United States by his required date. Citing Zafar v. U.S. Att'y Gen., 426 F.3d 1330 (11th Cir. 2005), the BIA concluded that the IJ did not abuse its discretion in denying Haswanee's motion to continue, and, further, that Bull v. INS, 790 F.2d 869 (11th Cir. 1986) did not apply because Haswanee did not establish his prima facie eligibility for relief.

## II. Discussion

### A. Continuance

Haswanee argues on appeal that he is eligible to adjust his status pursuant to INA § 245(i), 8 U.S.C. § 1255(i), but that the IJ's denial of his request for a continuance and order of removal jeopardizes his eligibility because, if he leaves the United States, he will become ineligible for relief. He contends that the BIA deviated from its own policies and prior unpublished decisions, in which the BIA

had granted a continuance in cases where an I-140 petition was pending. He also asserts that the IJ's denial was in direct conflict with our decision in Zafar because, according to Haswanee, our reasoning in Zafar is that, where a petitioner has an approved labor certification and there is a visa immediately available, the continuance should be granted. Haswanee further argues that the facts of his case are analogous to those in Bull because petitioners for an I-140 employment-based visa that are not on a waiting list are akin to petitioners for an I-130 family-based visa. In his reply brief, he notes that his case is similar to, and should be governed by, our recent decision in Merchant v. U.S. Att'y Gen., 461 F.3d 1375 (11th Cir. 2006).

An IJ has discretion to grant a continuance in an immigration proceeding "for good cause shown." 8 C.F.R. § 1003.29. We have jurisdiction to review the IJ's discretionary decision to deny Haswanee's motion for a continuance for an abuse of discretion. Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1362 (11th Cir. 2006).

An alien that is present in the United States may adjust his status to that of an alien lawfully admitted for permanent residence pursuant to the requirements in INA § 245, 8 U.S.C. § 1255. In the case of an alien lawfully admitted into the United States, such alien may adjust his status "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant

5

visa and is admissible to the United States for permanent residence, and (3) an

immigrant visa is immediately available to him at the time his application is filed."

INA § 245(a), 8 U.S.C. § 1255(a).  However, an alien that overstayed his visa and

became illegal is barred from applying for § 1255(a) adjustment of status.  INA

§ 245(c), 8 U.S.C. § 1255(c).

Nevertheless, as an exception to § 1255(c)'s bar, § 1255(i) states that,

(1) Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States--

(A) who--

(i) entered the United States without inspection; or

(ii) is within one of the classes enumerated in subsection (c) of this section;

(B) who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 1153(d) of this title) of--

(i) a petition for classification under section 1154 of this title that was filed with the Attorney General on or before April 30, 2001; or

(ii) an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before such date; and

(C) who, in the case of a beneficiary of a petition for classification, or an application for labor certification, described in subparagraph (B) that was filed after January 14, 1998, is physically present in the United States on December 21, 2000;

may apply to the Attorney General for the adjustment of his or her

status to that of an alien lawfully admitted for permanent residence. INA § 245(i)(1), 8 U.S.C. § 1255(i)(1). Nonetheless, as we explained in Zafar, "[t]he mere filing of a labor certificate application with the DOL does not make an alien eligible for adjustment of status under § 1255(i). Rather, there are two additional and more difficult statutory eligibility requirements in § 1255(i) that must also be met." Zafar, 461 F.3d at 1363 (emphasis in original). Specifically, § 1255(i)(2) provides:

> (2) Upon receipt of such an application and the sum hereby required, the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if--
>
> (A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and
>
> (B) an immigrant visa is immediately available to the alien at the time the application is filed.

INA § 245(i)(2), 8 U.S.C. § 1255(i)(2).

Here, Haswanee sought an employment-based visa and his employer filed an I-140 visa petition on his behalf. According to the federal regulations that describe the procedure for receiving an employment-based visa, "[a]ny [U.S.] employer desiring and intending to employ an alien may file a petition for classification of the alien"—an I-140 visa petition—which must be "[a]ccompanied by any required individual labor certification." 8 C.F.R. § 204.5(a), (c), (g), (l). The petition may be approved or denied, and

7

in the event of approval: (1) a visa number will be assigned if available  and

(2) "the approved visa petition (Form I-140), will be retained by the

[immigration service] for consideration with the application for permanent

residence (Form I-485)."  8 C.F.R. §§ 204.5(n), 245.1(g).  Haswanee had

immediately available visa numbers during his proceedings before the IJ and

BIA.[2]

In Zafar, we addressed the issue of whether the IJs abused their

discretion in denying three petitioners' motions to continue where the

petitioners did not have approved labor certifications and had not filed I-140

visa petitions or I-485 adjustment of status applications.  Zafar, 461 F.3d at

---

[2]Visa availability information is distributed by the U.S. Department of State ("DOS"),
and availability is based on the priority given to the alien's employment classification.  8 U.S.C.
§ 1153(b)(3); see also 8 C.F.R. § 245.1(g)(1).  Haswanee's classification was that of "Skilled
Worker" under INA § 203(b)(3)(A).  According to the DOS's Visa Bulletins for December 2004
and April 2006, the months within which the IJ and BIA, respectively, denied Haswanee's
motion for a continuance, visa numbers were available for aliens in Haswanee's classification.
See http://travel.state.gov/visa/frvi/bulletin/bulletin_1343.html;
http://travel.state.gov/visa/frvi/bulletin/bulletin_2847.html.  On appeal, Haswanee asserts that he
had immediately available visa numbers during his proceedings before the IJ and BIA.  The
government does not concede that fact, but neither does it explicitly contest it.  While
Haswanee's exact priority date is unclear from the record and his brief, the date the DOL
accepted his labor certification for processing was April 25, 2001.  Thus, April 25, 2001 is his
priority date for purposes of his I-140 visa petition.  See 8 C.F.R. § 204.5(d) ("The priority date
of any petition filed for classification under section 203(b) of the Act which is accompanied by
an individual labor certification from the [DOL] shall be the date the request for certification was
accepted for processing by any office within the employment service system of the [DOL]").
"An immigrant visa is considered available for accepting and processing the application Form
I-485 i[f] the [employment classification of the] applicant has a priority date on the waiting list
which is earlier than the date shown in the [DOS's Visa] Bulletin (or the Bulletin shows that
numbers for visa applicants in his or her category are current)."  8 C.F.R. § 245.1(g)(1).

1362. We held that the IJs did not abuse their discretion because, at the time of the petitioners' removal hearings, they had not received an approved labor certification, filed an I-140 visa petition, or filed an I-485 application. Id. at 1363-64. We thus concluded that the petitioners were not eligible to receive an immigrant visa nor had they established that an immigrant visa was immediately available, and, therefore, they could not meet the statutory requirements for adjustment of status under INA § 245(i)(2), 8 U.S.C. § 1255(i)(2). Id.

In Merchant v. U.S. Att'y Gen., 461 F.3d 1375 (11th Cir. 2006), we faced the issue of whether the IJ abused its discretion in denying a continuance where Merchant had an approved labor certification and had filed I-140 and I-485 applications. Merchant, 461 F.3d at 1376-77. While the government in Merchant conceded that Merchant had the aforementioned documents, the government maintained that Merchant had not satisfied § 1255(i)(2)(A) because his visa petition had not been approved. Id. at 1378. We rejected that argument, stating that "the statute clearly provides that an alien in Merchant's shoes need only be 'eligible' to receive the visa, not that he must have the visa in hand." Id. Further, we determined that § 1255(i)(2)(B) also did not require that the alien have the visa "in hand" because "both the Regulations and the BIA case law construe

9

. . . § 1255(i)(2)(B) as meaning that an <u>immigrant visa number</u> be immediately available to the alien." <u>Id.</u> at 1378 n.4 (emphasis added). Thus, we concluded that Merchant was eligible for an immigrant visa and eligible for adjustment of status under § 1255(i) because he had an approved labor certification and an immediately available visa number, and had filed an I-140 petition for visa and an I-485 application for adjustment of status. <u>Id.</u> at 1378-79. We also explained that our decision was not inconsistent with <u>Zafar</u>, as <u>Zafar</u> "expressly left open issues involving stages of this process beyond the mere filing of the application for labor certification." <u>Id.</u> at 1380 (citing <u>Zafar</u>, 461 F.3d at 1367).[3]

As an initial matter, Haswanee's case is distinguishable from <u>Zafar</u> because Haswanee had an approved labor certification and had filed an I-140 visa petition. Based upon the record in the instant case, Haswanee is at a

---

[3]Also in <u>Merchant</u>, we addressed the applicability of our previous decision in <u>Bull</u>, in which we held that the IJ abused its discretion by refusing to grant a continuance where the petitioner was married to a U.S. citizen and had filed an I-130 application for a family-based visa. <u>Merchant</u>, 461 F.3d at 1378. Similar to Merchant, Haswanee asserts that the rationale we applied in <u>Bull</u> should be applied to his case. Our treatment of <u>Bull</u> in <u>Merchant</u> is equally applicable here:

> Although <u>Bull</u>'s involvement with the favored family-based visa context is a distinguishing factor, [the petitioners in <u>Bull</u> and <u>Merchant</u>] are somewhat similar in that both had applied for visas and both were eligible for them. Thus, we think <u>Bull</u> provides some support for the conclusion we reach[ed] [in <u>Merchant</u>].

<u>Merchant</u>, 461 F.3d at 1378. Similarly, as discussed more fully below, our decision in <u>Bull</u> provides some support for our holding that the district court abused its discretion in denying Haswanee's request for a continuance.

10

stage in the process that is between where the Zafar petitioners and Merchant sat during their removal proceedings. Specifically, Haswanee has an approved labor certification and has filed an I-140 visa petition, which places him at a later stage than the Zafar petitioners, but has not established that he filed a I-485 application for adjustment of status as Merchant had. Therefore, Haswanee's case will turn on the question of whether an approved labor certification, an immediately available visa number, and an I-140 visa petition are sufficient to satisfy the statutory requirements of INA § 245(i)(2), 8 U.S.C. § 1255(i)(2).

Following the reasoning of both Zafar and Merchant, Haswanee has satisfied the statutory requirements. Pursuant to the Federal Regulations, Haswanee had completed his duties with regard to his I-140 visa petition, namely, obtaining an approved labor certification and filing it along with his petition. See 8 C.F.R. § 204.5(a), (c), (g), (l). Moreover, he had an immigrant visa number immediately available. See 8 C.F.R. § 204.5(d); 8 C.F.R. § 245.1(g)(1). Thus, Haswanee was "eligible to receive an immigrant visa" and an "immigrant visa [wa]s immediately available to the alien at the time the application [wa]s filed." INA § 245(i)(2), 8 U.S.C. § 1255(i)(2). The only difference between Haswanee and Merchant is that Merchant had also filed an I-485 adjustment of status application. Regardless, Haswanee

11

met the statutory requirements and, according to <u>Merchant</u>, we conclude that he was eligible for adjustment of status under § 1255(i).  <u>See</u> <u>Merchant</u>, 461 F.3d at 1379.

However, the government argues, and the BIA alternatively found, that because Haswanee had not filed an application for adjustment of status under § 1255(i), he could only be considered for an adjustment under § 1255(a), which left him subject to the statutory bar of § 1255(c).  The government cites no authority for this proposition.  In response, Haswanee notes he was not required to file the application for status adjustment during removal proceedings because the DHS could not have adjudicated it.  Federal Regulations clearly state that the DHS does not have jurisdiction over adjustment of status applications when the alien has been placed in removal proceedings.  <u>See</u> 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1).  Hashwanee is therefore eligible for status adjustment; the unfiled application cannot render him ineligible under § 1255(i) when the DHS would not even have had jurisdiction over his petition.  The record establishes that, at the time Haswanee requested his continuance, he stated that he intended to file for relief under § 1255(i).  There is nothing in the government's arguments, the record, or our binding precedent that would support applying the § 1255(c) bar here because, as discussed above, Haswanee met the relevant

12

statutory requirements of § 1255(i) and indicated before the IJ that he would pursue such relief.[4]  Accordingly, in applying the reasoning and holdings of Zafar and Merchant to Haswanee's case, we hold that the IJ abused its discretion in denying Haswanee's motion for continuance where he had an approved labor certification and an immediately available visa number, and had a pending visa petition.

## B.  Due Process and Equal Protection

Haswanee argues on appeal that the BIA's dismissal of his appeal, and the IJ's denial of his motion to continue, violated his due process rights because the findings require him to leave the country despite his immediate eligibility for adjustment of status relief.  He also maintains that his equal protection rights were violated because, had he not been required because of his Pakistani origin to appear for registration as part of the now-suspended National Security Entry Exit Registration System ("NSEERS"), he would not have been placed in removal proceedings.  He further asserts that, in other jurisdictions, IJs typically grant continuances in circumstances such as

---

[4]Haswanee also appears to contend that, after the BIA's dismissal of his appeal, he filed a motion to reopen in the BIA and submitted a copy of his I-485 and I-485A adjustment of status forms.  The record does not contain evidence of Haswanee's motion to reopen or adjustment of status forms, and Haswanee did not file a notice of appeal with regard to the BIA's alleged denial of his motion to reopen.  Accordingly, we will not consider any argument with regard to the alleged motion to reopen.

13

these, but in Atlanta, aliens are treated differently. Lastly, Haswanee maintains that it was beyond the INS's internal policy and general public policy to deny him the opportunity to legalize his status under § 1255(i).

We have jurisdiction to review substantial constitutional claims raised in the immigration context. Moore v. Ashcroft, 251 F.3d 919, 923-24 (11th Cir. 2001). The petitioners in Zafar raised constitutional claims similar to those raised by Haswanee. See Zafar, 461 F.3d at 1367. We rejected the petitioners' due process arguments because their requested relief, namely, a continuance of their removal proceedings, was discretionary relief for which no constitutionally protected right existed. See id. (citing Tefel v. Reno, 180 F.3d 1286, 1300 (11th Cir. 1999)). As to their equal protection claims, we first determined that it was not an equal protection violation to require the aliens to register pursuant to the NSEERS process. Zafar, 461 F.3d at 1367 (citing Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 489-92, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (finding that the INS retains inherent prosecutorial discretion as to whether to bring removal proceedings)). We also rejected the Zafar petitioners' equal protection argument regarding differing treatment between IJs in Atlanta and those in other jurisdictions because the petitioners did not cite, nor did we find, any case law supporting the argument. Id.

14

Because Haswanee's due process and equal protection arguments are nearly identical to those made by the petitioners in Zafar, we will follow our precedent and similarly reject Haswanee's arguments. First, pursuant to Zafar, there is no constitutionally protected right to the discretionary relief of a continuance of his removal proceedings. Moreover, as to his equal protection arguments, Haswanee offers no support in the record or case law tending to show an equal protection violation. Lastly, to the extent that Haswanee argues that the BIA violated the INS's internal policies, we need not rely on those policies given the statutory basis for our decision, which is discussed in issue II.A. above, and our recognition that INS internal memoranda "are for the convenience of the INS and [do] not have the force and effect of law." Id. at 1365 (quotation omitted) (alteration in original).

### III. Conclusion

For all of the foregoing reasons, we hold that the IJ abused his discretion in denying Haswanee's motion for a continuance. We nonetheless conclude that the IJ's and BIA's denial of the motion to continue did not violate Haswanee's constitutional rights. Accordingly, we **grant** Haswanee's petition for review in part, **vacate** the decision of the BIA, and **remand** for further proceedings.

**PETITION GRANTED IN PART.**

15