[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2007
THOMAS K. KAHN
CLERK

No. 07-11493
Non-Argument Calendar
_____

BIA No. A25-436-369

FILS DIEU-CONSERVE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____
**(December 19, 2007)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Fils Dieu-Conserve petitions for review the Board of Immigration Appeal's

("BIA") denial of his untimely petition to reopen or stay removal in his case. After

a thorough review, we deny the petition.

Dieu-Conserve, a native and citizen of Haiti, entered the United States in 1994, and was charged with removability as an alien present in the United States without having been admitted or paroled. He was denied relief from removal on July 27, 2001. The BIA affirmed the decision on August 13, 2002. In December of that year, Dieu-Conserve married a then-lawful permanent resident. More than three years later, on July 24, 2006, Dieu-Conserve moved the BIA to reopen his case and stay his removal based on his marriage to a U.S. citizen. The BIA denied the motion as untimely, and this petition for review followed.[1]

Relying on In re: Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002), Dieu argues that the BIA should have granted his petition to reopen to permit an Immigration Judge to considered his case for an Adjustment of Status, and that the failure to do so violated his due process rights.

We review the BIA's denial of a motion to reopen proceedings for abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (internal quotation omitted).

---

[1] The BIA also denied the motion to stay proceedings. Dieu-Conserve does not challenge this decision.

2

With certain exceptions not applicable here, an alien may file one motion to reopen, which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A),(B). The BIA shall not grant a motion to reopen "unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R § 1003.2(c)(1). A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R § 1003.2(c)(2). This deadline is "mandatory and jurisdictional." Abdi, 430 F.3d at 1150. The 90-day filing deadline is tolled for an alien who files a motion to reopen predicated upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R § 1003.2(c)(3)(ii).

In In re: Velarde-Pacheco the BIA concluded that it could exercise its discretion to grant a properly filed motion to reopen to provide an alien an opportunity to pursue an application for adjustment where, inter alia, the motion is timely filed. Velarde-Pacheco, 23 I. & N. Dec. at 256.

Upon review, we conclude that the BIA did not abuse its discretion in

3

denying petitioner's motion to reopen or stay removal.  The BIA issued a final judgment on Dieu's asylum appeal on August 13, 2002.  Dieu filed his motion to reopen on July 24, 2006, which was well beyond the 90-day limitation period. Because Dieu's motion to reopen was not based upon evidence of changed circumstances in Haiti that could not have been presented at his previous hearing, the 90-day deadline was mandatory and jurisdictional.  Further, as Dieu was seeking discretionary relief, there was no due process violation.  See Haswanee v. U.S. Att'y Gen., 471 F.3d 1212, 1218.  (11th Cir. 2006); Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1367 (11th Cir. 2006).  Accordingly, we DENY the petition.

PETITION DENIED.