

Villanova University School of Law
Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# Jacko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3945

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jacko v. Atty Gen USA" (2008). *2008 Decisions.* Paper 532.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/532

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3945

MIROSLAV JACKO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-459-723
(U.S. Immigration Judge: Honorable Rosalind K. Malloy)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2008

Before:  SCIRICA, *Chief Judge*, BARRY and HARDIMAN, *Circuit Judges*.

(Filed: September 17, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Miroslav Jacko petitions for review of a final decision of the Board of Immigration

Appeals (BIA), affirming without opinion the decision of an immigration judge (IJ) in

removal proceedings against him. Jacko alleges the IJ abused her discretion by denying Jacko's request for a continuance of his removal proceedings, and that the BIA erred in issuing an affirmance without opinion (AWO) of the IJ's ruling. We will deny the petition.[1]

## I.

Jacko arrived in the United States from the Slovak Republic in 1997 on a non-immigrant visitor visa. On October 10, 2001, the INS commenced removal proceedings against him for overstaying his visa. After an initial 90-day continuance of his removal hearing, Jacko requested a second continuance on March 5, 2002, so that he could attempt to adjust his immigration status in accordance with the procedures of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255. He claimed to have an Alien Employment Certification (ETA-750) pending with the Department of Labor (DOL) and the IJ granted his continuance. Jacko's removal proceedings were subsequently continued three more times while he waited for DOL to process his employment certification. At a hearing on February 3, 2004, Jacko claimed that his employment certification had been approved and he had filed an I-140 visa petition with the Department of Homeland Security (DHS), the next step in having his immigration status adjusted under § 1255. A sixth continuance was granted to allow DHS to process the I-140 petition. At a hearing on February 1, 2005, Jacko conceded his I-140 petition had been denied by DHS and his appeal of the

---

[1]We have jurisdiction under 8 U.S.C. § 1252.

2

denial was pending. The IJ refused to grant him a further continuance pending the resolution of his appeal and entered a removal order. Jacko appealed the order to the BIA, contending the IJ had abused her discretion by denying him a further continuance. On July 31, 2006, the BIA affirmed the IJ's order without opinion.

The issue is whether the IJ abused her discretion by denying Jacko's request for a continuance. The regulations implementing the INA bestow such discretion on the IJ, stating "the immigration judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. But Jacko contends an IJ should grant a continuance when an alien has the paperwork for a status adjustment pending under § 1255. For support, Jacko cites *Haswanee v. US Attorney General*, 471 F.3d 1212 (11th Cir. 2006) and *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004). In *Haswanee*, the Eleventh Circuit overturned an immigration judge's denial of a continuance on the grounds that the petitioner had an unadjudicated I-140 petition pending before DHS at the time of the continuance request. In *Subhan*, the Seventh Circuit came to a similar decision with respect to a petitioner who had a continuance denied while his ETA-750 labor certification was pending. We find these cases inapposite to the matter at hand. Jacko's visa petition had been denied by DHS at the time the IJ denied Jacko's request for a continuance, whereas in *Haswanee* and *Subhan* administrative agencies had yet to rule on the petitioners' applications when they sought a continuance of their removal proceedings. The importance of this distinction is apparent from the Seventh Circuit's

3

reasoning in *Subhan*. That court held the IJ's finding that Subhan was "not eligible" for status adjustment "was not a reason for denying the motion for a third continuance, but merely a statement of the obvious: that the labor departments hadn't yet acted." *Subhan*, 383 F.3d at 593. Although Jacko argues that, like the petitioners in *Subhan* and *Haswanee*, he is simply a victim of administrative delay, he cannot make the claim that "the labor departments hadn't yet acted".

We find this difference crucial in evaluating whether the IJ abused her discretion. In *Subhan*, the Seventh Circuit went on to mention several possible reasons that would constitute a valid basis on which an IJ could exercise discretion to deny a continuance, citing with approval its earlier decision in *Hassan v. INS*, 110 F.3d 490 (7th Cir. 1997), a case in which the IJ refused a request for a continuance on the grounds that the alien's visa petition had been denied.[2] Thus, even in the case Jacko relies on, the court acknowledged denial of a visa petition as a valid reason for an IJ to deny a continuance.

BIA precedent also supports the conclusion that the IJ acted within her discretion. In *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978), the BIA stated:

> [W]e believe that discretion should, as a general rule, be favorably
> exercised when a prima facie approvable visa petition . . . ha[s] been
> submitted in the course of a deportation hearing . . . It clearly would not be
> an abuse of discretion for the immigration judge to summarily deny a

---

[2]Although the visa petition denied in *Hassan* was an I-130 immediate relative visa petition, the court's finding that "[b]ecause the District Director had already denied the visa petition, that petition could not have been prima facie approvable," is equally relevant to an I-140 visa petition. *Hassan*, 110 F.3d 490, 492-493.

4

request for a continuance or a motion to reopen upon his determination that the visa petition is frivolous or that the adjustment application would be denied. . . .

*Id*. at 657. The above passage speaks to the latitude of discretion afforded to the IJ. In this case, the IJ was not even required to make a determination as to the merits of the visa petition, as it already had been denied when she considered Jacko's motion for continuance. Indeed, it would be hard to see how a visa petition could be considered prima facie approvable having been denied once by DHS.

Jacko also contends the IJ erred in basing her decision to deny the continuance in part on the duration of the removal proceedings. Jacko argues that he "is unaware of any law, regulation or precedent which requires or gives specific authority to an IJ to deny a continuance on the basis that the court docket is too full, too many continuances have been granted or that a case has been on the docket too long." Petitioner's Br. at 12. This argument misconstrues 8 C.F.R. § 1003.29, which states that "the immigration judge may grant a motion for continuance for good cause shown." The subject of removal proceedings has no inherent right to a continuance, but rather bears the burden of showing good cause why a continuance should be granted. Furthermore, Jacko's I-140 already had been denied by DHS. We see no reason to believe that the duration of a removal proceeding is not a permissible factor for an IJ to consider in connection with a petitioner's request for a continuance.

5

## II.

Jacko also asserts that the BIA improperly issued an affirmance without opinion (AWO) of the IJ's ruling. He argues that the circumstances of his case do not meet the criteria for an AWO in 8 C.F.R. § 1003.1(e)(4). We disagree. Jacko contends "the AWO process should…never be used when new arguments are raised for the first time in the appeal to the board." Petitioner's Br. at 19. But the regulation allows the BIA to issue an AWO as long as "the factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case." 8 C.F.R. § 1003.1(e)(4)(i)(B). That an issue is new does not make it substantial. Jacko cites no authority for his position on the AWO, but argues that "the legal issues are substantial in their sheer volume." Petitioner's Br. at 23. We do not read the regulation as allowing any particular volume of legal issues to dispositively determine substantiality. Such an interpretation would unduly restrict the discretion of the BIA. We see no error.

## III.

Finally, Jacko contends the denial of a continuance violates his due process rights, specifically "the IJ's erroneous procedural ruling (denial of a continuance request), precluded Mr. Jacko from the opportunity to be heard on his application for relief from removal." Petitioner's Br. at 25. As his removal proceedings have encompassed a total of three years, six continuances and seven total hearings, and as we have found the denial

6

of a continuance to be a proper exercise of the IJ's discretion, we cannot agree that his fundamental due process right to be heard has been impaired.

For the foregoing reasons, we will deny the petition for review.