[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11419
Non-Argument Calendar

_____

Agency No. A97-669-351

WILBERT SAINT JOUR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 15, 2008)**

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Wilbert Saint Jour petitions for review of the Board of Immigration Appeals'

("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT"). After review, we deny the petition.

## I.  BACKGROUND

In 2003, Saint Jour, a citizen of Haiti, attempted to enter the United States at Miami International Airport using an altered Haitian passport and green card.  A Notice to Appear charged him with being inadmissible for: (1) fraudulently procuring documentation for admission to the United States, in violation of 8 U.S.C. § 1182(a)(6)(C)(i), INA § 212(a)(6)(C)(i); and (2) being an immigrant seeking admission to the United States without being in possession of a valid entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I), INA § 212(a)(7)(A)(i)(I).

Saint Jour conceded removability and applied for asylum, withholding of removal and CAT relief.  Saint Jour claimed that the Lavalas party, and its street gang, the Chimeres, sought to kill him for his political opinion.  Saint Jour was the General Secretary of a Haitian non-profit community organization called the Association of Fille of Bariadelle ("AFB").  At an AFB celebration, Saint Jour refused the mayor's request to speak in favor of Lavalas and President Aristide. Saint Jour's application claimed the Lavalas government issued warrants for his

2

arrest, sent police looking for him, ransacked his home and killed another AFB member.

At the asylum hearing, Saint Jour indicated that he was ready to proceed on his asylum claim. The IJ inquired about Saint Jour's I-130 petition for an immigrant visa, and Saint Jour responded that it had not yet been approved. The government stated that the United States Citizenship and Immigration Services ("USCIS") was awaiting documentation of the bona fides of his marriage. The parties asked for a "short continuance" to permit fast tracking of Saint Jour's I-130 "marriage interview" and the submission of the marriage bona fides. When the IJ reminded the parties that Saint Jour also would need to obtain a waiver of inadmissibility due to his use of a fraudulent visa, the government's attorney stated, "I had forgotten about the fraud" and opined that USCIS was unlikely to grant a waiver. Noting that the asylum case had been scheduled on the calendar "for well over a year," the IJ denied the request.

After Saint Jour testified, the IJ issued an oral decision denying all requested relief. The IJ found Saint Jour's testimony was not "sufficiently detailed, consistent or believable to provide a plausible and coherent account on the basis of his fears and thus cannot suffice to establish his eligibility for asylum, withholding of removal and Torture Convention relief." The IJ listed numerous inconsistencies

3

and omissions between Saint Jour's testimony and his asylum application and the documentary evidence. The IJ found that Saint Jour had not shown he could not relocate within Haiti to avoid harm, noting that the Lavalas party and Aristide were no longer in power in Haiti.

The BIA dismissed Saint Jour's appeal, concluding that: (1) the IJ had not erred in refusing to continue the asylum proceedings; and (2) the IJ's adverse credibility determination was not clearly erroneous. Saint Jour filed this petition for review.

## II. DISCUSSION

### A. Request for Continuance

An IJ has discretion to grant a motion for a continuance "for good cause shown." 8 C.F.R. § 1003.29. We review the denial of a continuance request for abuse of discretion. Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1362 (11th Cir. 2006). "Judicial review of denials of discretionary relief incident to [removal] proceedings . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation marks omitted).

Saint Jour has not shown the IJ abused its discretion in denying his

4

continuance request. First, at the time of the removal hearing, Saint Jour remained an "arriving alien" and was never lawfully admitted to the United States. Thus, even if Saint Jour had filed an I-130 petition for an immigrant visa based on his marriage and even if Saint Jour had obtained such a visa, the IJ himself had no jurisdiction to adjust Saint Jour's "arriving alien" status to that of a lawful permanent resident. See 8 C.F.R. § 1245.2(a)(1); Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1250-52 (11th Cir. ), cert. denied, 129 S. Ct. 146 (2008).

Second, to the extent the continuance request was to give the government (whether USCIS or Department of Homeland Security) more time to adjudicate Saint Jour's I-130 application for an immigration visa so he could later seek adjustment of status, Saint Jour failed to show that he was eligible for adjustment of status or had filed an I-601 application for a waiver of inadmissibility.

The Attorney General may adjust an alien's status to lawful permanent resident if: (1) "the alien is eligible to receive an immigrant visa"; and (2) the alien "is admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2)(A), INA § 245(i)(2)(A). An alien, such as Saint Jour, who by fraud seeks admission to the United States is inadmissible. See 8 U.S.C. § 1182(a)(6)(C), INA § 212(a)(6)(C). Thus, even if Saint Jour was eligible to receive an immigrant visa, he was not admissible at the time of the hearing and

5

therefore not eligible for adjustment of status.

We recognize, as the IJ did, that the Attorney General has the discretion to waive inadmissibility if the alien is the spouse of a United States citizen and "it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen." 8 U.S.C. § 1182(i)(1), INA § 212(i)(1). However, to obtain a waiver under INA § 212(i), an adjustment of status applicant must file a Form I-601. 8 C.F.R. § 212.7(a)(1)(ii). Again, there is no evidence in the record that Saint Jour had filed a Form I-601 or intended to do so.

Saint Jour argues that his case is like Haswanee v. United States Attorney General, 471 F.3d 1212 (11th Cir. 2006). But, unlike the petitioner in Haswanee, Saint Jour is an "arriving alien" who is inadmissible due to his attempted fraudulent entry. In any event, the petitioner alien in Haswanee had not only obtained a labor certificate and completed the necessary steps to obtain an immigrant visa, but also was statutorily eligible for adjustment of status. Here, however, Saint Jour: (a) had not yet obtained a § 212(i) waiver of inadmissibility, which Saint Jour concedes he would need (due to his use of a fraudulent passport and green card) to be eligible for an adjustment of status, see 8 U.S.C. § 1182(i)(1), INA § 212(i)(1); (b) had presented no evidence that he had initiated the § 212(i)

6

waiver process by filing a Form I-601; and (c) had not yet submitted the documents establishing the bona fides of his marriage or had his "marriage interview," which were prerequisites to obtaining an immigrant visa. Under all of the circumstances of this case, we cannot say the IJ abused his discretion.

## B.     Adverse Credibility Determination

Saint Jour argues that his testimony should have been credited and compels the conclusion that he had a well-founded fear of future persecution.[1] An asylum applicant has the burden to show, with specific and credible evidence, either past persecution or a well-founded fear of future persecution on account of a protected ground. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284, 1287 (11th Cir. 2001); 8 U.S.C. § 1158(b)(1)(B)(i)-(ii), INA § 208(b)(1)(B)(i)-(ii). In determining whether the applicant has sustained that burden, the IJ may weigh the credibility of the applicant's testimony along with other evidence in the record. 8 U.S.C. § 1158(b)(1)(B)(ii), INA § 208(b)(1)(B)(ii). The IJ must make an explicit credibility determination and offer "specific, cogent reasons for the finding." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). The alien bears the burden to show that the IJ's credibility finding is not supported by specific, cogent reasons

---

[1]On appeal, Saint Jour's challenge to the credibility determination is limited to his claim of future persecution and he raises no argument as to past persecution. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (concluding petitioner abandoned issue by failing to raise it in opening brief).

7

and is not supported by substantial evidence. Id.[2]

After review, we conclude that the IJ gave specific, cogent reasons for discrediting Saint Jour. The IJ identified numerous inconsistencies, omissions and deficiencies in Saint Jour's hearing testimony, several of which relate directly to Saint Jour's persecution claims, including: (1) the omission in his asylum application of the Chimere's alleged killing of Saint Jour's brother and cousin due to Saint Jour's involvement with AFB; (2) the discrepancies between Saint Jour's testimony and his supplemental statement as to how his cousin died; and (3) inconsistent explanations of AFB's purpose and political posture.[3] These omissions and inconsistencies are supported by substantial evidence. Accordingly, we have no occasion to reverse the IJ's adverse credibility determination.

---

[2]Like other factual findings, we review credibility determinations under the substantial evidence test and will overturn them only if the record compels it. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005). Where, as here, the BIA's decision relies upon the IJ's reasoning, we review both the IJ's and the BIA's decisions. See Chen, 463 F.3d at 1230. Contrary to the government's assertion, Saint Jour challenged the adverse credibility finding in his notice of appeal to the BIA. Thus, he exhausted his administrative remedies, and jurisdiction exists to review the credibility finding. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

[3]The REAL ID Act of 2005 amended the INA to permit an adverse credibility determination based on inconsistencies "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." See Pub. L. No. 109-13, § 101(a)(3), (d)(4)(C), 119 Stat. 231, 303, 304-05 (codified at 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C)). Because Saint Jour's application was filed before May 11, 2005, the REAL ID Act's changes do not apply to his claims. Nonetheless, we need not resolve whether adverse credibility determinations must go to the heart of a pre-REAL ID Act asylum claim because a number of the inconsistencies identified in Saint Jour's case are material and directly relate to his persecution claims.

8

Furthermore, Saint Jour does not contend that the other documentary evidence, alone, compels a conclusion that he has a well-founded fear of future persecution.

Because Saint Jour failed to establish eligibility for asylum, he likewise failed to establish eligibility for withholding of removal or CAT relief. See Al Najjar, 257 F.3d at 1292-93, 1303-04.[4]

**PETITION DENIED.**

---

[4]On appeal, Saint Jour argues that he received ineffective assistance of counsel in preparing his asylum application. We lack jurisdiction to review this claim because he failed to raise it before the BIA. See 8 U.S.C. § 1252(d)(1), INA § 242(d)(1); Amaya-Artunduaga, 463 F.3d at 1250.