[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12245
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2010
JOHN LEY
ACTING CLERK

Agency No. A095-263-919

ROBERTO ORDONEZ VARGAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 5, 2010)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Through counsel, Roberto Ordonez Vargas ("Ordonez Vargas"), a native and citizen of Colombia, appeals from the Board of Immigration Appeals's ("BIA") decision upholding the immigration judge's ("IJ") order of removal and denial of his request for a continuance of the removal proceedings. On appeal, Ordonez Vargas argues that he showed good cause to warrant a continuance because he would be eligible to adjust his status upon receiving an immigrant visa in the future, and that he should have been given the opportunity to apply for relief under the Convention Against Torture ("CAT"). Upon review of the record and the parties' briefs, we deny the petition.

## I. Background

Gloria Cristina Arzuza Duran ("Duran") filed an application for asylum and withholding of removal under the Immigration and Nationality Act (the "INA") and for relief under CAT, listing her husband, Ordonez Vargas, and her daughter as derivative beneficiaries.[1] The Government filed a notice to appear, alleging that Duran, her daughter, and Ordonez Vargas were subject to removal for remaining in the country for a period longer than permitted. INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). The IJ found that Duran met her burden of proof for withholding of removal. On appeal, however, the BIA reversed the IJ's grant of withholding of

---

[1]Under INA § 208(b)(3)(A), 8 U.S.C. § 1158(b)(3)(A), "[a] spouse or child . . . of an alien who is granted asylum . . . may . . . be granted the same status as the alien if accompanying, or following to join, such alien."

removal and remanded for the IJ to consider Duran's request for CAT relief and voluntary departure in the first instance, and in order to allow Duran, her daughter, and Ordonez Vargas to request any other form of relief.

On remand, the IJ held a hearing, and Duran's counsel explained that after the BIA's decision, Ordonez Vargas and Duran initiated divorce proceedings, and Duran and her daughter were willing to accept voluntary departure. Ordonez Vargas, however, sought adjustment of status because an I-130 visa petition filed by his United States citizen sister was approved on his behalf, and it is dated April 30, 2001. However, Ordonez Vargas's immigrant visa number was not yet available, and counsel conceded that it would not be available for at least one year due to the backlog. The IJ then asked if Ordonez Vargas was requesting any other relief. His counsel responded that Ordonez Vargas was hoping to obtain a continuance until the immigrant visa became available. The IJ denied the request, explaining that he could not "grant a continuance for that long." Admin. R. at 87. Because Ordonez Vargas made it clear that he would not seek any other form of relief, including voluntary departure, the IJ issued an oral decision ordering Ordonez Vargas removed to Colombia and reiterating the denial of his request for continuance.

Ordonez Vargas appealed the IJ's decision to the BIA arguing that he showed good cause to warrant a continuance because, although he was not

3

presently eligible for adjustment of status, he would be so eligible in the future. The BIA dismissed the appeal, finding no error in the IJ's denial of Ordonez Vargas's request for continuance because his "speculative future eligibility for adjustment of status fails to establish good cause." Admin. R. at 3.

## II. Standard of Review

We have jurisdiction to review the BIA's decision affirming the IJ's denial of a motion to continue a removal hearing. *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1360 (11th Cir. 2006). "We review the denial of a motion for continuance for an abuse of discretion." *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008) (per curiam) (citing *Haswanee v. U.S. Att'y Gen.*, 471 F.3d 1212, 1214 (11th Cir. 2006) (per curiam)). When the BIA issues a decision, this Court reviews only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA issued its own decision, and we therefore review only that decision. "The immigration regulations provide that the IJ may grant a continuance 'for good cause shown.'" *Chacku*, 555 F.3d at 1285 (quoting 8 C.F.R. § 1003.29).

## III. Discussion

Ordonez Vargas's primary argument on appeal is that his future eligibility for adjustment-of-status relief—to be triggered when an immigrant visa number becomes available—constituted good cause for a continuance. While aliens who

overstay their visas are generally ineligible for adjustment-of-status relief, INA § 245(i), 8 U.S.C. § 1255(i), creates an exception for certain aliens who are the beneficiary of either a petition for classification or an application for a labor certification—including an I-130 petition filed by a U.S. citizen or lawful permanent resident who is the alien's sibling[2]—filed on or before April 30, 2001. *Zafar*, 461 F.3d at 1362; INA § 245(i)(1), 8 U.S.C. § 1255(i)(1). However, the Attorney General may only grant adjustment-of-status relief to those aliens if, *inter alia*, "an immigrant visa is immediately available to the alien at the time the application is filed." INA § 245(i)(2)(B), 8 U.S.C. § 1255(i)(2)(B). While immigrant visas are immediately available to parents, spouses, and children of an I-130 petitioner, *see* INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i), other relatives, including siblings, are placed in preference categories that are subject to worldwide numerical limitations. *See* INA §§ 201(c), 203(a)(4), 8 U.S.C. §§ 1151(c), 1153(a)(4). Thus, the State Department determines visa eligibility for those aliens based on the alien's preference category and the date on which the I-130 petition is filed. *See* 8 C.F.R. §§ 204.1(c), 245.1(g).

In *Chacku*, we held that the BIA did not abuse its discretion by denying a motion for a continuance where the alien was statutorily ineligible to adjust his

---

[2]*See* INA § 204(a)(1)(A)(i), 8 U.S.C. § 1154(a)(1)(A)(i), *cross-referencing* INA § 203(a)(4), 8 U.S.C. § 1153(a)(4); 8 C.F.R. §§ 204.1(a)(1), 204.2(g).

status under INA § 245(i), 8 U.S.C. § 1255(i). 555 F.3d at 1285–86. Specifically, we held that the BIA did not abuse its discretion "because [the petitioner] was not statutorily eligible for an adjustment of status on . . . the day he filed his adjustment application, as he did not have an immigrant visa immediately available to him at this time." *Id.* at 1286; *accord Zafar*, 461 F.3d at 1362–64 (holding that "it clearly was not an abuse of discretion for the IJs to deny the motions for continuances of the removal proceedings" because, at the time of the removal hearings, the petitioners had not met the requirements for adjustment-of-status relief under INA § 245(i)(2), 8 U.S.C. § 1255(i)(2), including the immediate availability of a visa). In so holding, we distinguished our prior decisions in *Haswanee*, 471 F.3d at 1215, and *Merchant v. United States Attorney General*, 461 F.3d 1375, 1378 n.4., 1379 (11th Cir. 2006), on the ground that the aliens in those cases had met all of the statutory requirements, including the immediate availability of an immigrant visa number. *Chacku*, 555 F.3d at 1286.

In this case, it is undisputed that an immigrant visa number has never been immediately available to Ordonez Vargas, even though his visa petition had been approved. This case is therefore controlled by *Chacku* and *Zafar*, and Ordonez Vargas's reliance on *Merchant* is without merit. Ordonez Vargas also argues that the IJ's denial of his request for a continuance precluded him from seeking relief under CAT, but the BIA correctly found that, despite being given the opportunity

to do so, Ordonez Vargas did not request a continuance on this basis and failed to set forth a CAT claim at the hearing when given the opportunity. In fact, Ordonez Vargas specifically informed counsel that he would not seek voluntary departure or any other relief. Finally, Ordonez Vargas suggests that the IJ was predisposed to denying a continuance, but this contention is not supported by the record.

## IV. Conclusion

The BIA did not abuse its discretion by upholding the denial of Ordonez Vargas's request for a continuance because Ordonez Vargas did not show good cause. An immigrant visa number was not immediately available to Ordonez Vargas for an adjustment in status, and Ordonez Vargas did not request a continuance on the basis that he wanted to file a claim for CAT relief. Accordingly, after review of the record and consideration of the parties' briefs, we deny the petition.

**PETITION DENIED.**