[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2011
JOHN LEY
CLERK

No. 10-13885
Non-Argument Calendar
_____

Agency No. A098-943-066


SANDRA MARIA ADELA AGURTO ORTIZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 5, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Sandra M.A. Agurto-Ortiz petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her request for a continuance. After review, we dismiss in part and deny in part the petition.

## I. BACKGROUND FACTS

In 1998, Agurto-Ortiz, a citizen of Chile, was admitted into the United States as a nonimmigrant visitor with authorization to remain for six months. Agurto-Ortiz overstayed her visa. In 2001, Agurto-Ortiz filed an application for a labor certificate with the Department of Labor so she could work as a nurse at Palmetto General Hospital.

In January 2008, while her labor certification was still pending, the Department of Homeland Security issued a Notice to Appear, charging Agurto-Ortiz with removability, pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who, after admission as a nonimmigrant, remained in the United States longer than permitted.

At a March 6, 2008 hearing, Agurto-Ortiz conceded removability, but asked for, and received, a continuance to await adjudication of her pending labor certification. At another hearing on August 6, 2008, Agurto-Ortiz asked for a second continuance because her application still had not been adjudicated. The IJ

noted that there was something wrong if Agurto-Ortiz's application had been pending for seven years and that the proceedings had already been continued based on her pending labor certification. The IJ also noted that Agurto-Ortiz was in the Intensive Supervision Appearance Program ("ISAP") and that "the ISAP people don't care if the case is still pending" and "[t]hey're saying I have to do it in 180 days . . . ." Nonetheless, the IJ granted Agurto-Ortiz a continuance to allow her to provide evidence that her labor certification and supporting documents had been filed and that she had a legitimate claim in that respect. At a third hearing on September 24, 2008, Agurto-Ortiz presented some documents, and the IJ continued the hearing to determine whether the documents established her eligibility for adjustment of status.

On October 6, 2008, at the fourth hearing, the IJ determined that Agurto-Ortiz's labor certification was still pending. The IJ declined to continue the case any further to await adjudication. When Agurto-Ortiz indicated she wanted to file for asylum, the IJ granted a continuance to prepare her asylum application.

Agurto-Ortiz subsequently filed an application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") based on political persecution. At a February 5, 2009 hearing on the asylum application, Agurto-Ortiz advised the IJ that her labor certification was still pending. After

3

hearing testimony from Agurto-Ortiz about her persecution claim, the IJ denied all relief. In addition, the IJ explained that he was unwilling to continue proceedings based on Agurto-Ortiz's pending labor certification because he had already continued proceedings several times and her labor certification had been pending for over seven years with "no resolution in sight."

Agurto-Ortiz appealed to the BIA, arguing, <u>inter alia</u>, that the IJ erred by denying her request for a continuance pending the adjudication of her labor certification. Agurto-Ortiz also challenged the denial of asylum, withholding of removal and CAT relief. The BIA affirmed. As to the continuance request, the BIA explained that Agurto-Ortiz did not show "good cause" for a continuance because her labor certification had been pending for seven years with no resolution in sight, and that, without an approved labor certification and immediately available visa, Agurto-Ortiz was not eligible for adjustment of status. Agurto-Ortiz filed this petition for review.

## II. DISCUSSION

An IJ has discretion to grant a motion to continue removal proceedings "for good cause shown." 8 C.F.R. § 1003.29. We review the denial of a continuance request for abuse of discretion. <u>Zafar v. U.S. Att'y Gen.</u>, 461 F.3d 1357, 1362 (11th Cir. 2006). "Judicial review of denials of discretionary relief incident to

4

[removal] proceedings . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation marks omitted). Here, Agurto-Ortiz has not shown an abuse of discretion.

Agurto-Ortiz requested a continuance to await adjudication of her labor certification, the first step in her attempt to adjust her status to that of lawful permanent resident.[1] Agurto-Ortiz's request was denied because, despite two earlier continuances, her application for a labor certificate still was not adjudicated after seven years and there was no sign that it would be adjudicated soon. Without an approved labor certification, Agurto-Ortiz could not apply for, and remained statutorily ineligible for, adjustment of status. See INA § 245(i)(1)(A)-(C), 8 U.S.C. § 1255(i)(1)(A)-(C) (providing that an alien who has overstayed her visa may apply to adjust her status if, among other things, she is "the beneficiary . . . of

---

[1] The Attorney General has the discretion to adjust the status of a lawfully admitted alien to that of lawful permanent resident "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." INA § 245(a), 8 U.S.C. § 1255(a). Ordinarily, an alien who overstayed his visa may not apply to adjust his status to that of lawful permanent resident. However, the alien may apply if he is physically present in the United States at the time of the application and was also physically present in the United States on December 21, 2000 and "the alien is the beneficiary . . . of . . . an application for a labor certification" that was filed on or before April 30, 2001. INA § 245(i)(1)(A)-(C), 8 U.S.C. § 1255(i)(1)(A)-(C).

5

. . . an application for a labor certification" that was filed on or before April 30, 2001). This Court has concluded that it is not an abuse of discretion to deny a request for a continuance under these very circumstances. See Zafar, 461 F.3d at 1363-64 (concluding that IJs did not abuse their discretion in denying aliens' continuance requests where aliens had shown only that they had pending labor certificate applications and thus could not yet pursue I-140 petitions for employment-based immigrant visas or file I-485 applications to adjust their status).

We stress that this is not a case in which a petitioner had an approved labor certification and an immediately available visa number and was awaiting action on either an I-140 visa petition or an I-485 application for adjustment of status. Compare Haswanee v. U.S. Att'y Gen., 471 F.3d 1212, 1216-17 (11th Cir. 2006) (finding abuse of discretion where petitioner had approved labor certificate and immediately available visa number and had filed an I-140 visa petition), and Merchant v. U.S. Att'y Gen., 461 F.3d 1375, 1378-79 (11th Cir. 2006) (finding abuse of discretion where petitioner had approved labor certificate and immediately available visa number and had filed both I-140 visa petition and I-485 application for adjustment of status), with Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1286-87 (11th Cir. 2008) (finding no abuse of discretion where petitioner

6

had approved labor certificate and approved I-140 visa petition, but did not have immediately available visa number on the day I-485 application was filed).

Here, as in Zafar, Agurto-Ortiz's application for labor certification remained pending at the time of her removal hearing. She could not pursue through an employer an I-140 petition for an employment-based immigrant visa or file an I-485 application for adjustment of status. Under these circumstances, the IJ's denial of her third request for a continuance was not an abuse of discretion.[2]

For the first time, Agurto-Ortiz argues that the IJ violated her due process rights because his decision to deny her continuance request was guided by an "extraneous agency policy" requiring that removal proceedings of aliens under ISAP supervision be completed within 180 days. We do not have jurisdiction to review this claim because Agurto-Ortiz did not raise it in her appeal to the BIA. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (concluding that § 1252(d)(1)'s exhaustion requirement is jurisdictional). Accordingly, we dismiss the petition as to this due process claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[2]On appeal, Agurto-Ortiz does not challenge the denial of her application for asylum, withholding of removal and CAT relief and, thus, has abandoned these claims. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

7