[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16251
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2009
THOMAS K. KAHN
CLERK

Agency No. A097-191-178

WING JAYA DINANTO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 1, 2009)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Wing Jaya Dinanto seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8

U.S.C. §§ 1158, 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).[1]  The BIA found, inter alia, that reports of improvements undercut Dinanto's claim that persecution was "so systematic or pervasive" for ethnic Chinese and Christians in Indonesia as to amount to a "pattern or practice" of persecution.  On appeal, Dinanto argues that the BIA by applying the "systematic and pervasive" standard did not properly review his "pattern or practice" of persecution claim.  After thorough review, we deny the petition.

When the BIA issues a decision, we only review that decision, "except to the extent that it expressly adopts the IJ's opinion."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well."  Id.  Because the BIA issued its own decision and adopted the IJ's reasoning, we review both decisions in this case.

We review the BIA's legal conclusions de novo, and the BIA's and IJ's

---

[1] Even though Dinanto sets forth asylum law in his brief, he has abandoned his asylum claim by not challenging the BIA's finding that his asylum application was untimely without excuse.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that where a party fails to raise an argument on the merits of an issue in their brief or makes only passing references to an issue, such issue is deemed abandoned on appeal).  He also has abandoned any challenge to the BIA's denial of CAT relief by failing to argue that he would more likely than not be tortured by the government.  See Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004) (noting that an alien seeking CAT relief must establish that it is more likely than not that he will be tortured with the government's acquiescence if sent to the proposed country of removal).

2

factual findings under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (discussing the standard of review for an IJ's factual determinations); Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc) (explaining the standard of review for a BIA's factual findings); Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001) (discussing the standard of review for a legal challenge to the BIA's decision). Under the substantial evidence test, we "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotations omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotations omitted). "To reverse . . . fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi, 386 F.3d at 1027.

An alien may establish eligibility for withholding of removal under the INA through evidence that he has suffered past persecution[2] or would more likely than

---

[2] By not raising the issue on appeal, Dinanto has abandoned any challenge to the BIA's finding that he did not suffer past persecution. See Sepulveda, 401 F.3d at 1228 n.2.

3

not be persecuted on account of his race, religion, nationality, membership of a particular social group, or political opinion upon returning to his country. 8 C.F.R. § 208.16(b).

To establish a future threat to life or freedom, an alien may demonstrate either that he will be singled out for persecution or that

> there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion[,] and . . . [t]he applicant establishes his . . . own inclusion in and identification with such group of persons such that it is more likely than not that his . . . life would be threatened upon return to that country.

8 C.F.R. § 208.16(b)(2). The standard for withholding of removal "is more stringent than the 'well-founded fear of future persecution' required for asylum." Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006) (quoting Mazariegos, 241 F.3d at 1324 n.2)). We have said that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations omitted).

Here, substantial evidence supports the BIA's determination that Dinanto did not establish that he would suffer persecution based on a pattern or practice of ethnic Chinese and Christians being persecuted in Indonesia. The 2007 Country Report considered by the BIA indicates that conditions for ethnic Chinese have

4

improved in Indonesia.  Further, Dinanto's siblings, who are ethnic Chinese and Christian, continue to reside in Indonesia without incident.

In short, Dinanto does not raise any argument that the BIA ignored or overlooked his pattern or practice claim, or misconstrued the country reports.  He limits his attack to the BIA's legal standard and its alleged vagueness, but he does not demonstrate how a further refinement of this standard would have changed the outcome in his favor.  Given these considerations, the record does not compel a finding that Dinanto would suffer persecution upon return to Indonesia.[3] Accordingly, we deny Dinanto's petition for review.

**PETITION DENIED.**

---

[3] In addition, the Ninth Circuit's decision in <u>Sael v. Ashcroft</u>, 386 F.3d 922 (9th Cir. 2004), is not binding precedent, and even if it did apply, Dinanto would not be entitled to relief because he does not argue that he has an individualized risk of future persecution. <u>See id.</u> at 925-27 (holding that, even under the disfavored group approach, an applicant must show evidence of his own individualized risk of future persecution and cannot rely solely on being a member of the disfavored group for relief).  Moreover, despite Dinanto's contentions, the Second Circuit in <u>Mufied v. Mukasey</u>, 508 F.3d 88 (2d Cir. 2007), did not remand because of a disagreement with the BIA's "systemic or pervasive" standard, but because the IJ and BIA failed to address the petitioner's pattern or practice claim. <u>See id.</u> at 91-93.  In contrast, the BIA addressed Dinanto's pattern or practice claim in the first instance.