[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11421
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2010
JOHN LEY
CLERK

Agency No. A097-191-178

WING JAYA DINANTO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 3, 2010)

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

Wing Jaya Dinanto petitions for review of the Board of Immigration

Appeals's ("BIA") denial of his motion to reconsider its prior decision not to reopen his removal proceedings based upon his marriage to a lawful permanent resident. After review, we dismiss in part and deny in part the petition for review.

## I. BACKGROUND

### A. Immigration Proceedings in 2003 - 2008

In September 1997, Dinanto, a native of Indonesia, entered the United States on a student visa, which expired in August 2002. In March 2003, Dinanto applied for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") based upon the persecution of ethnic Chinese and Christians in Indonesia. In April 2003, the Department of Homeland Security served Dinanto with a Notice to Appear, charging him as removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for overstaying his visa, and under INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i), for failing to comply with the conditions of the non-immigrant status under which he had applied. Dinanto admitted the allegations and conceded removability.

On June 27, 2007, after a hearing on Dinanto's claims, an Immigration Judge ("IJ") found that Dinanto had failed to establish eligibility for asylum, withholding of removal or CAT relief. The IJ ordered Dinanto removed to Indonesia. Dinanto appealed, and the BIA affirmed in October 2008. On June 1,

2

2009, this Court denied Dinanto's petition for review on the merits. See Dinanto v. U.S. Att'y Gen., 331 F. App'x 656 (11th Cir. 2009).

Meanwhile, on December 1, 2008, Dinanto married Yoshiko Santoso, a native of Indonesia who was a lawful permanent resident of the United States. On December 20, 2008, Santoso filed an I-130 petition to obtain an immigrant visa for Dinanto. A U.S. citizen or lawful permanent resident may file a petition to obtain an immigrant visa for an alien spouse by filing an I-130 petition with the U.S. Citizenship and Immigration Service ("USCIS"). INA § 204(a)(1)(A)(i), (B)(i)(I), 8 U.S.C. § 1154(a)(1)(A)(i), (B)(i)(I); 8 C.F.R. § 204.1(a).

**B.      Dinanto's First Motion to Reopen**

On December 31, 2008, Dinanto filed a motion to reopen his removal proceedings with the BIA so he could apply for adjustment of status, pursuant to INA § 245(a), 8 U.S.C. § 1255(a), on account of his marriage to Santoso. An alien spouse also may apply to adjust his status to that of a lawful permanent resident by filing a Form I-485A with the USCIS. INA § 245(a), 8 U.S.C. § 1255(a); 8 C.F.R. § 245.1(a). The I-485A application for adjustment of status can be filed concurrently with or after the alien spouse's I-130 visa petition. See 8 C.F.R. § 245.2(a)(2)(i). Here, Dinanto did not file a concurrent I-485A application to adjust his status.

3

On July 21, 2009, the BIA denied the motion to reopen, pointing out "that in order to establish eligibility for adjustment of status, an applicant must demonstrate, among other things, that 'an immigrant visa is immediately available to him at the time his application is filed.'" The BIA found that Dinanto, though married to a lawful permanent resident, could not demonstrate that a visa was immediately available to him at the time he filed his motion to reopen.

Although both U.S. citizens and lawful permanent residents may file I-130 petitions on behalf of their alien spouses, they are treated differently for purposes of issuing visas. If the I-130 petitioner is a U.S. citizen, the alien spouse qualifies for classification as an "immediate relative," which is not subject to the number and worldwide level limitations on the issuance of immigrant visas. INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). Under these circumstances, a visa is immediately available for the alien spouse once the citizen spouse's I-130 petition is approved.

If the I-130 petitioner is a lawful permanent resident, the alien spouse qualifies for classification as a "preference immigrant," for which there are allotted a certain number of visas annually. INA § 201(a)(1), 8 U.S.C. § 1151(a)(1); INA § 203(a)(2), 8 U.S.C. § 1153(a)(2); 8 C.F.R. § 204.1(a). In this case, the alien spouse is given a "priority date," based on the date of the filing of

4

the I-130, which is used to create waiting lists and issue visas as they are available. INA § 203(e)(1), (3), 8 U.S.C. § 1153(e)(1), (3); 8 C.F.R. §§ 204.1(c), 245.1(g)(2). Even after the I-130 petition is approved, therefore, the alien spouse of a lawful permanent resident must wait for a visa to become available.[1]

## C.    Dinanto's Motion to Reconsider

On August 20, 2009, Dinanto filed a "Motion to Reconsider and Remand to the Immigration Judge," asking the BIA to reconsider its July 21 denial of his motion to reopen. The motion stated that: (1) Santosos's I-130 petition for Dinanto's visa remained pending; (2) Santoso, "became eligible to apply for naturalization," on July 21, 2009 when she completed the five-year period of lawful permanent residence; (3) Santoso had applied for naturalization on July 27, 2009. Dinanto argued that he did not need to have an immigrant visa number available to him until he filed an I-485A application for adjustment of status.

---

[1]The distinction continues to matter as the alien spouse's I-485A application for adjustment of status is processed. An alien spouse's I-485A application is not "properly file[d]" unless, at the time of filing,"approval of a visa petition, filed for classification" as either an immediate relative or a preference immigrant "would make a visa immediately available to" the alien spouse. Id. § 245.2(a)(2)(i)(B). For a preference immigrant spouse (i.e., the spouse of a lawful permanent resident like Dinanto), whether an immigrant visa is immediately available depends upon his priority date and can only be determined by consulting the Department of State Bureau of Consular Affairs Visa Bulletin. 8 C.F.R. § 245.1(g)(1). An immigrant visa is immediately available to the preference immigrant spouse if he "has a priority date on the waiting list which is earlier than the date shown on the Bulletin." 8 C.F.R. § 245.1(g)(1). In denying Dinanto's motion to reopen, the BIA also pointed out that Dinanto "ha[d] no current available priority date."

Dinanto contended that Santoso would "almost certainly be a U.S. citizen" in the next few months, which would then give Dinanto an immediately available visa number. Dinanto argued that, by the time of any hearing before an IJ on his reopened removal proceedings, Dinanto would have an immigrant visa number and have filed his I-485A application for adjustment of status. Dinanto also argued that his wife would suffer extreme hardship if he was removed from the United States because she had obtained residency based on her status as a derivative beneficiary of her father's asylum claim and could not return to Indonesia without fear of danger.

On March 1, 2010, the BIA denied Dinanto's motion, treating it as both a motion to reconsider and as a second motion to reopen removal proceedings. Insofar as Dinanto's motion sought reconsideration, the BIA found "no legal or factual defect" in its July 21 decision. The BIA noted that Dinanto had "essentially reiterate[d] contentions set forth" in his motion to reopen and that the evidence submitted in support of Dinanto's motion to reopen had shown that Dinanto's wife "was then a lawful permanent resident."

To the extent Dinanto's motion requested reopening of his removal proceedings, the BIA denied the motion as untimely and number-barred. The BIA also found that Dinanto had not shown he was subject to an exception to the time

6

and number limitations on motions to reopen or "demonstrated an exceptional situation that would warrant the exercise of [the BIA's] discretion to reopen [Dinanto's] proceedings under [its] sua sponte authority." The BIA explained that, while Dinanto's wife had recently become a U.S. citizen, Dinanto had not become "potentially eligible for relief from removal" until after the time for filing a motion to reopen had expired. Dinanto filed this petition for review.

## II.  DISCUSSION

### A.      Motion for Reconsideration

On appeal, Dinanto argues that the BIA erred in denying his motion to reconsider its June 21, 2009 decision denying his motion to reopen.[2]

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007). "Therefore, merely reiterating arguments previously presented to the BIA

---

[2]Dinanto does not challenge the BIA's alternative ruling construing his motion as a second motion to reopen and denying it as untimely and numerically barred. Thus, we do not address it further. See Sepulveda v. U.S. Att'y Gen., 410 F.3d 1226, 1228 n.2 (11th Cir. 2005).

does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)) (alteration in original).[3]

Dinanto argues that the BIA should have granted his motion to reconsider because he showed errors of law and fact in the BIA's June 21, 2009 denial of his motion to reopen. Specifically, Dinanto claims the BIA committed legal and factual error by requiring him to have a visa available at the time his motion to reopen was filed, rather than at the time he filed his I-485A application for adjustment of status.

We disagree. Dinanto's motion to reopen needed to show, among other things, that he was at that time prima facie eligible for adjustment of status (not that he might at some point become prima facie eligible for adjustment of status). See In re Velarde-Pacheco, 23 I. & N. Dec. 253, 255-57 (BIA 2002). Statutory eligibility includes showing that a visa would be immediately available to him. See INA § 245(a)(3), 8 U.S.C. § 1255(a)(3); Nyaga v. Ashcroft, 323 F.3d 906, 908 (11th Cir. 2003) (explaining that the Attorney General has the discretion to adjust an applicant's status when he shows, inter alia, that a visa is immediately available

---

[3]We review the BIA's denial of a motion to reconsider for an abuse of discretion. Calle, 504 F.3d at 1328. To the extent the BIA's decision was based on a legal determination, we review de novo. Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1252 (11th Cir. 2008).

to him at the time the application is filed).  Thus, the BIA applied the proper legal standards in denying Dinanto's motion to reopen.

Furthermore, Dinanto has not shown that the BIA made any factual errors with regard to his motion to reopen.  At the time Dinanto's wife file an I-130 petition for a visa for Dinanto and Dinanto moved to reopen his proceedings, his wife was a lawful permanent resident.  While a visa is made immediately available to the alien spouses of U.S. citizens upon granting of an I-130 petition, alien spouses of lawful permanent residents are assigned a priority date, placed on a waiting list, and their spouses' I-130 petitions are processed as visa numbers become available.  Given that Dinanto was the alien spouse of a lawful permanent resident (as opposed to a U.S. citizen) and was still awaiting a visa number, Dinanto could not then make the required showing of prima facie eligibility for adjustment of status.

These facts distinguish Dinanto's case from In re Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002).  In that case, the alien subject to a removal order married a U.S. citizen, filed an I-130 petition for an immigrant visa and a simultaneous I-485A petition for adjustment of status and then moved to reopen removal proceedings.  23 I. & N. Dec. at 254.  Emphasizing that the alien spouse of the U.S. citizen had made a prima facie showing of eligibility for adjustment of status,

9

the BIA concluded that, under such circumstances, the motion to reopen "may be granted" if it is: (1) timely filed, (2) not numerically barred, (3) not barred on other procedural grounds, (4) presents "clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide," and (5) the Service does not otherwise oppose the motion. Id. at 256. The BIA was careful to state that its decision did not require reopening proceedings "pending adjudication of an I-130 petition in every case in which the [alien spouse] meets all five of the aforementioned factors," and that motions to reopen could still be denied if it is determined that the alien spouses "visa petition is frivolous or that adjustment would be denied in any event, either on statutory grounds or in the exercise of discretion." Id. at 257. In sum, the BIA explained that "[a] prima facie showing of eligibility merely affords respondents who present sufficient evidence a single opportunity to have their adjustment applications adjudicated." Id.

Here, unlike in In re Velarde-Pacheco, at the time Dinanto filed his motion to reopen, he did not show prima facie eligibility for adjustment of status because he could not then demonstrate that a visa would be immediately available to him.[4]

_____

[4]This fact also distinguishes Haswanee v. United States Attorney General, 471 F.3d 1212 (11th Cir. 2006), cited by Dinanto. In Haswanee, the petitioner requested a continuance of his removal proceedings to allow his employer's I-140 visa petition to be processed. 471 F.3d at 1214. At the time of the request, the petitioner had both an approved labor certification and an immediately available visa number and, thus, was already prima facie eligible for adjustment of status. Id. at 1215 & n.2, 1217. In contrast, when Dinanto sought reconsideration, he did not

See INA § 245(a)(3), 8 U.S.C. § 1255(a)(3).  Indeed, as the BIA pointed out in denying his motion to reopen, he did not have a "currently available priority date." Thus, Dinanto could not show that "a visa would be immediately available at the time of filing but for the fact that his visa petition has not been approved."

For these reasons, we find no error in the BIA's denial of Dinanto's motion for reconsideration of its denial of his motion to reopen.

**B.     BIA's Sua Sponte Authority To Reconsider and Reopen**

Dinanto alternatively argues that the BIA abused its discretion in failing to find "exceptional circumstances" warranting the exercise of its discretionary authority to sua sponte reopen his removal proceedings.  See 8 C.F.R. § 1003.2(a) (giving the BIA the discretion to grant or deny motions to reopen or reconsider). We lack jurisdiction to review the BIA's failure to exercise its discretion to reopen proceedings on its own motion.  Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 (11th Cir. 2008).  Thus, we dismiss Dinanto's petition for review to the extent he challenges the BIA's discretionary decision not to sua sponte grant his motion to reconsider/reopen.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

have an immediately available visa number and was not prima facie eligible for adjustment of status.