**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0139n.06

Case No. 15-3728

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Mar 14, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARTIN CAMPOS-LUNA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, U.S. Attorney | ) | APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. After Martin Campos-Luna failed to appear at his removal hearing, an immigration judge ordered him removed from the United States. Over a year later, Campos-Luna challenged the sufficiency of the notice he received about the proceedings and the immigration court's jurisdiction over him. The Board of Immigration Appeals rejected both claims on the ground that he filed them too late. Unpersuaded by Campos-Luna's challenge to those rulings, we deny his petition for review.

Campos-Luna entered the United States illegally at an unknown time in an unknown place. He caught the attention of federal immigration officials in 2012 when a traffic offense landed him in a Kentucky county jail to serve a six-day sentence. After his sentence ended, an officer from an Immigration and Customs Enforcement facility in Louisville interviewed him

and printed a Notice to Appear that charged Campos-Luna with being "subject to removal from the United States." A.R. 99. The officer handed Campos-Luna two unsigned copies of the notice. Campos-Luna kept the first one. He then signed the second one, acknowledging that the government had served the notice "in person," "provid[ing] oral notice in the English & Spanish language . . . of the consequences of failure to appear." *Id.* at 100. An immigration officer signed the second copy, and the government filed it with the immigration court to commence removal proceedings against Campos-Luna. *See* 8 C.F.R. § 1003.14(a).

The government set his removal hearing for September 19, 2012, in Cleveland, Ohio, and mailed Campos-Luna a notice to that effect. Campos-Luna admits that he received the notice but did not go to the hearing. The immigration authorities ordered him removed from the United States. *See* 8 U.S.C. § 1229a(b)(1).

Over a year later, in October 2013, he asked the immigration judge to reopen his proceedings. He argued that it was improper (1) to require him to sign the notice to appear before any immigration officer had signed it and (2) to fail to give him a copy of the signed notice filed with the immigration court. These errors, said Campos-Luna, invalidated the notice and deprived the immigration court of jurisdiction over his case. The immigration court denied the motion. Campos-Luna raised the same argument in the Board of Immigration Appeals. It too ruled against him on the ground that the motion was untimely. Campos-Luna petitions our court for review of the Board's decision.

When an alien fails to attend a removal proceeding, the immigration court must order him removed if the government proves he had notice of the hearing and is removable. 8 U.S.C. § 1229a(b)(5)(A). That's what the court did with respect to Campos-Luna, and that's why it ordered him removed. Because he waited over a year to challenge the government's notice, his

2

options in the immigration courts were limited. Indeed, he had just two. He could ask the immigration court or Board of Immigration Appeals to reopen the removal proceedings on their own initiatives. 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1). And he could file a "motion to reopen" "at any time" that "demonstrate[d]" he "did not receive notice in accordance with" notice provisions of the Immigration and Nationality Act. 8 U.S.C. § 1229a(b)(5)(C)(ii).

Campos-Luna tried the first option. But the immigration court and Board refused to reopen the proceedings on that basis. He does not question that decision.

He also tried the second option, maintaining he did not receive proper notice of the removal proceedings. The problem is, he never claimed that the delivered notice ran afoul of the statute. His main concerns instead were (1) the notice allegedly was not properly "issue[d]" under 8 C.F.R. § 239.1(a) because, when he signed it, it lacked an immigration officer's signature; and (2) the executed copy filed with the immigration court allegedly was never served on him in violation of 8 C.F.R. § 1003.32(a). Both concerns relate to regulations that neither purport to establish a violation of the relevant statute nor interpret the relevant statute. The first dictates who can issue notices to appear, 8 C.F.R. § 239.1(a), relevant to a statute that allows the Secretary of Homeland Security to designate which employees may enforce which parts of the immigration act, 8 U.S.C. § 1103(a). The second dictates a procedural rule that applies to almost all proceedings in the immigration court, 8 C.F.R. § 1003.32(a), relevant to statutes that allow the Attorney General to set departmental regulations, 5 U.S.C. § 301; 8 U.S.C. § 1103(g). At no point did Campos-Luna explain how a violation of either regulation would violate the relevant statute. He thus did not bring the kind of challenge that would allow the immigration court to reopen his removal proceedings.

Campos-Luna protests that the Board should have treated his non-statutory argument as a statutory one, which would have made the argument timely and would have prompted a decision on the merits. But the Board had no obligation to rewrite his motion, making his argument something it was not and giving him a chance of success that the filed motion did not.

Campos-Luna persists that the Board was *obligated* to reach the merits of his motion because it implicated the subject matter jurisdiction of the immigration court. He is half-right. Article III federal courts, it is true, have an unwavering duty to ensure that they have subject matter jurisdiction over a case, even when the issue first arises on appeal, even indeed by raising the issue on their own. *See Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804). But the argument does not work here. No one doubts we have subject matter jurisdiction over Campos-Luna's petition for review. *See* 8 U.S.C. § 1252(a)(1). Campos-Luna's contention instead concerns the jurisdiction of the immigration court, which is not an Article III court. It is an Article I court, one responsible for enforcing the immigration laws, *see* 8 C.F.R. § 1003.9(d); *INS v. Abudu*, 485 U.S. 94, 110 (1988), and one in which arguments about the power of the court may be forfeited.

In reviewing the Board's actions here, the inquiry turns not on whether it incorrectly determined it had jurisdiction but instead on "whether the agency has gone beyond what Congress has permitted it to do." *City of Arlington v. FCC*, 133 S. Ct. 1863, 1869 (2013). The difference explains why a litigant in federal district court *cannot* forfeit a challenge to subject matter jurisdiction, but a petitioner attacking agency action *can* forfeit a challenge to agency jurisdiction. *See Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1093 (6th Cir. 1981); *United Transp. Union v. Surface Transp. Bd.*, 114 F.3d 1242, 1244–45 (D.C. Cir. 1997). Otherwise, challenges to action by the Board, with an assist from "creative lawyers," could invariably "be

reframed as questions about the scope of agencies' regulatory jurisdiction," free from statutorily imposed time limits. *St. Marys Cement Inc. v. U.S. EPA*, 782 F.3d 280, 287 (6th Cir. 2015) (quotation omitted).

Campos-Luna in the last analysis cannot alter these statutory realities by affixing a jurisdictional label to his argument. His challenge to the notice was not one that could be raised "at any time." 8 U.S.C. § 1229a(b)(5)(C)(ii). And the Board did not err in declining to consider it given how long Campos-Luna waited to raise it.

For these reasons, we deny the petition for review.