[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-12638
Non-Argument Calendar

_____

D.C Docket No. A093-444-594

MODOU THIAM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 26, 2021)

Before JILL PRYOR, LUCK and ANDERSON, Circuit Judge.

PER CURIAM:

I.

The government has moved to dismiss this petition for review for lack of jurisdiction and, alternatively, for summary denial. We first address our jurisdiction, which we review *de novo*. *Jeune v. U.S. Att'y Gen*, 810 F.3d 792, 799 (11th Cir. 2016). The government argues that the petitioner, Modou Thiam, has failed to exhaust his administrative remedies by not raising his due process claim before the Board of Immigration Appeals ("BIA"). "[W]hen a petitioner has neglected to assert an error before the BIA that he later attempts to raise before [this Court], the petitioner has failed to exhaust his administrative remedies." *Id.* at 800. In other words, we cannot consider issues that could have been, but were not properly raised in immigration proceedings and appealed to the BIA. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018). However, this is not a stringent requirement, and we look to the substance of the appeal for facts and allegations that make manifest the petitioner's attempt to raise this claim before the BIA. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1298 (11th Cir. 2015) (quotation marks omitted).

A petitioner has not exhausted a claim unless he has both raised the "core issue" before the BIA, and also set out any discrete arguments he relies on in support of that claim. *Jeune*, 810 F.3d at 800. "While exhaustion does not require a petitioner to use precise legal terminology or provide well-developed arguments to support his claim, it does require that the petitioner provide information sufficient to

2

enable the BIA to review and correct any errors below." *Id.* (quotation marks omitted). Although we have noted that some constitutional claims may not be subject to the exhaustion requirement, where a procedural due process claim properly falls within the immigration courts' power to review and provide a remedy, the claim must be exhausted before it can be considered by this Court. *Lin*, 881 F.3d at 867-68 (citing *Sundar v. INS*, 328 F.3d 1320, 1325 (11th Cir. 2003) and *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006)). In *Amaya-Artunduaga*, we determined that the petitioner's due process claim, regarding the fairness of the Immigration Judge ("IJ") as a neutral factfinder and access to a full and fair hearing, was "precisely the kind of procedural error which requires exhaustion." 463 F.3d at 1251. If the petitioner fails to raise a claim before the BIA, we will dismiss that part of the petition for review for lack of jurisdiction. *See e.g.*, *id.*

In his brief in this Court, Thiam has presented multiple discrete arguments under the umbrella of the Fifth Amendment Due Process Clause, all of which needed to be exhausted. *See Lin, 881 F.3d at 867-68; Amaya-Artunduaga, 463 F.3d at 1251*. However, as the government argues, Thiam did not expressly mention due process or the Constitution in his appellate brief before the BIA. Instead, as the BIA noted, Thiam contended in his appellate brief that the IJ erred in denying Thiam more time to gather corroborating record evidence and erred by holding the lack of

3

corroborating evidence against him.  Notably, in rejecting his arguments, the BIA cited *Matter of Santos*, 19 I&N Dec. 105, 107-08 (BIA 1984), which explained that an alien must demonstrate prejudice when raising a Fifth Amendment Due Process claim.  Thiam did not need to use precise legal terminology to exhaust a claim, and, at least with respect to those arguments, he has sufficiently exhausted administrative remedies.

However, Thiam also argues for the first time in his brief in this Court that the IJ was biased and that he was deprived of a neutral factfinder.  Thiam asserted in his appellate brief before the BIA that the IJ allegedly deviated from his stated procedures on corroborating evidence, but nothing in that brief nor his notice of appeal to the BIA suggested that the IJ was biased or prejudiced against Thiam based on the IJ's use of the phrase "these cases" in describing his procedures.  Nor did Thiam argue, as he does now, that the IJ's words, tone, emphasis, and manner displayed a "complete lack of impartiality and neutrality" as he does in his brief in this Court.  Therefore, those arguments are unexhausted, and we lack jurisdiction to consider them.  *See Amaya*, 463 F.3d at 1251.

Accordingly, the petition for review is DISMISSED IN PART for lack of jurisdiction with respect to Thiam's claims of bias, and the government's motion to dismiss the petition for lack of jurisdiction is GRANTED IN PART to that extent.

4

We now turn to the government's alternative motion for summary denial with respect to Thiam's exhausted claims.

II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

We review an IJ's denial of a motion for a continuance for abuse of discretion. *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006). "Judicial review of discretionary relief incident to deportation proceedings . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985).

The Immigration Judge's decision on whether to grant a continuance for "good cause," 8 C.F.R. § 1003.29, is discretionary, *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1197 (11th Cir. 2008), as is the decision to allow late filing of

5

documents, *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1276 (11th Cir. 2009) (citing 8 C.F.R. § 1003.31(c)). We have concluded that there is "no constitutionally protected right to the discretionary relief of a continuance of removal proceedings." *Haswanee v. U.S. Att'y Gen.*, 471 F.3d 1212, 1218-19 (11th Cir. 2006) (per curiam); *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1367 (11th Cir. 2006). Similarly, exclusion of late-filed documents in the Immigration Judge's exercise of discretion does not give rise to a due process claim. *Tang*, 578 F.3d at 1276 ("Tang does not have a constitutionally protected liberty interest in the admission of evidence after the court-ordered deadline.").

When an alien says that he needs more time to obtain additional evidence, he must show good cause, such as specifying what documents he is seeking and "how they would have bolstered her withholding of removal claim." *Mi Ja Cho v. U.S. Att'y Gen.*, 661 F. App'x 568, 572-73 (11th Cir. 2016); *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (BIA 1983) (bare allegation that alien could have located unnamed witnesses if given a continuance is not sufficient to show abuse of discretion; the movant must show what the witness would have said, that he was available and willing to testify, and how it would have changed outcome).

IJ's have administrative control over the removal hearing and the IJ "may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If any application or document is not filed within the time

6

set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c).

Here, there is no substantial question that Thiam cannot support a due process claim as there is no constitutionally protected right based on an IJ's discretionary decisions. *See Haswanee*, 471 F.3d at 1218-19; *Tang*, 578 F.3d at 1276. Accordingly, Thiam cannot allege a due process violation based on those two discretionary decisions.

However, even considering the merits, the IJ did not abuse its discretion in denying Thiam's request for a continuance and excluding his late-filed evidence. First, Thiam failed to demonstrate good cause for needing a continuance as he repeatedly failed to explain to the IJ what type of documents he was waiting on and how they would affect his case, despite the IJ repeatedly telling him that he had to do so to substantiate his request. *See Mi Ja Cho*, 661 F. App'x at 572-73. Even on appeal, Thiam has yet to describe in any detail the documents, how they would have impacted his case, and whether he has obtained the documents in the intervening years.

Additionally, the IJ reasonably excluded the evidence introduced at the merits hearing considering (1) his counsel failed to file the documents in accordance to the 15-day advance filing requirement or paginate them, (2) his counsel failed to demonstrate good cause for why the documents were not filed in compliance with

7

the IJ's scheduling requirement, especially since the main portion of the documents was Thiam's own personal statement, which presumably could have been written at any time, and (3) the documents were introduced as the hearing was about to start, without giving the court and the government a chance to review them in order to still conduct the hearing as schedule. Further, the IJ questioned Thiam during the hearing and allowed him to testify to many of the things covered by the documents, including his story of fleeing Senegal and his family's presence in France. Accordingly, there is no substantial question that the IJ did not abuse its discretion and did not violate Thiam's due process rights by denying his request for a continuance and excluding the late-filed evidence.

Thus, there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law. *See Groendyke*, 406 F.2d at 1162. Accordingly, the government's motion for summary denial is GRANTED as to Thiam's properly exhausted claims.

8