NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0297n.06

No. 20-3987

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JOSE JUAN MENDOZA-JOVEL,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jun 22, 2021
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE BOARD OF
IMMIGRATION APPEALS

Before: ROGERS, WHITE, and MURPHY, Circuit Judges.

HELENE N. WHITE, Circuit Judge. Petitioner Jose Juan Mendoza-Jovel appeals the denial of his application for cancellation of removal. He contends that his case was improperly transferred from the Memphis Immigration Court to the Louisville Immigration Court and that the Louisville court lacked subject-matter jurisdiction to rule on the merits of his case. We disagree.

**I.**

Mendoza-Jovel, a native and citizen of Honduras, entered the United States in 2002 without being admitted or paroled after inspection by an immigration officer. In 2013, the Department of Homeland Security commenced removal proceedings by filing a Notice to Appear (NTA) with the Immigration Court in Chicago, Illinois. The NTA asserted that Mendoza-Jovel was removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled." A.R. 856.

In March 2014, Mendoza-Jovel appeared for an initial Master Calendar hearing in the Chicago Immigration Court. At that hearing, he presented a motion to transfer venue—which conceded removability and designated Honduras as the country of removal—and an application for cancellation of removal. In the motion, Mendoza-Jovel requested that venue be transferred to "the Memphis, TN Immigration Court (Louisville, KY Docket)," the "Court closest and most convenient to his place of residence . . . ." A.R. 842. At the time, there was no Louisville Immigration Court, but the Memphis Immigration Court exercised administrative control over a docket of Louisville cases, allowing petitioners to attend hearings remotely at a Louisville location. The motion to transfer noted that Mendoza-Jovel was requesting the change because he lived less than twenty miles from Louisville but around 285 miles from Chicago. A.R. 842 n.1; *see also* A.R. 85 (Mendoza-Jovel informing Chicago Immigration Judge that he "was hoping to get my court in Louisville because I live in Indiana"). The Chicago Immigration Judge granted the motion:

> I'm going to grant your request to transfer your case. The Court in charge of Louisville is Memphis, and they will try and schedule you for a further hearing in Louisville. . . . So, I'll give you the order transferring your case, and then the Court in Louisville will notify you when to come in.

A.R. 88.[1] The Chicago Immigration Court subsequently entered an order stating that "venue is changed to Memphis TN (Louisville docket)." A.R. 839.

Later that month, the Memphis Immigration Court issued a Notice of Hearing, informing Mendoza-Jovel that he should appear for a "master hearing" on January 11, 2016, at a hearing room located at a Louisville, Kentucky address. A.R. 838. Mendoza-Jovel attended the hearing

---

[1] During this hearing, the Immigration Judge repeatedly recognized that the point of the motion was to move the case to Louisville. *See, e.g.*, A.R. 84 ("Now, what he has here is a motion to change the location of your hearing to the Immigration Court in Louisville."); A.R. 87 ("Now, you have to file a request to transfer your case to the Court in Louisville; is that right?").

in Louisville while the Immigration Judge participated remotely from Memphis.  Mendoza-Jovel, with counsel present, confirmed that he intended to proceed with his application for cancellation of removal and the Memphis Immigration Court subsequently issued an order setting a hearing date on the merits for January 29, 2018.  The order provided that the hearing would take place in the same Louisville location.  The hearing date was later changed to July 3, 2018.  In February 2018, the Department of Justice announced that it would be opening a new Immigration Court in Louisville.  *See Notice, Executive Office for Immigration Review to Open Louisville Immigration Court*, U.S. DEPARTMENT OF JUSTICE (Feb. 23, 2018), https://www.justice.gov/eoir/page/file/1038751/download (last visited June 21, 2021).  On March 1, 2018, the Memphis Immigration Court sent Mendoza-Jovel a Notice of Change in Hearing Location stating that the location of his July 3, 2018 hearing "has been changed to" the address of the new Louisville Immigration Court.  A.R. 819.  The new location was three blocks away from the previous one.  The Memphis Immigration Court never issued a formal order purporting to transfer venue to the Louisville Immigration Court and neither party filed a motion requesting a change in venue or hearing location.[2]

Mendoza-Jovel attended his July 2018 hearing without raising any objection to the change in location or the absence of an order addressing venue.  During the hearing, he presented evidence to support the basis for his application for cancellation of removal—that removal would cause "exceptional and extremely unusual hardship" on his children.  On July 11, 2018, the Immigration Judge issued a written order denying the application, finding that Mendoza-Jovel was otherwise

---

[2] After the March 2018 notice of a change in location, however, the subsequent orders in the proceeding were issued from the Louisville Immigration Court, not the Memphis Immigration Court.

eligible for relief but failed to prove the requisite hardship. The order directed Mendoza-Jovel to voluntarily depart the country by September 10, 2018 or face involuntary removal.

Mendoza-Jovel appealed to the Board of Immigration Appeals (BIA). On appeal, he argued for the first time that the Memphis Immigration Court improperly transferred venue to the Louisville Immigration Court sua sponte and without a specific order, and that as a result, the Louisville Immigration Court "did not have jurisdiction over [him] and thereby did not have the authority to enter an Order of Removal against him." A.R. 14. He also challenged the Louisville Immigration Court's conclusion that he failed to prove that his removal would cause "exceptional and extremely unusual hardship."

The BIA dismissed the appeal. It addressed and rejected Mendoza-Jovel's venue/jurisdiction-based challenge:

> On appeal, the respondent first argues that the Immigration Judge erred in sua sponte changing the venue of his case from Memphis to Louisville. The respondent maintains that Immigration Judges do not have authority to change venue absent a motion from the parties and that the Immigration Judge in Louisville therefore did not have jurisdiction to issue a removal order in his case.
>
> The respondent's case originated in Chicago, and the respondent filed a motion in that court requesting a change of venue to Louisville . . . . The Immigration Judge granted the request, and the respondent's case was then heard in Memphis on the Louisville court docket because the Louisville court was not yet open. Once the Louisville court was open, the respondent was sent a hearing notice indicating that his final hearing would be in Louisville. This procedure was proper and does not provide a basis for the respondent to object to the jurisdiction of the Louisville court. Further, the respondent did not raise this issue at his final hearing, and he has not alleged or shown that he was prejudiced by any possible error regarding the location of his final hearing. *Matter of Santos*, 19 I&N Dec. 105 (BIA 1984) (alien must demonstrate that he or she was prejudiced by a violation of a procedural rule or regulation before his proceedings will be invalidated). We therefore dismiss the respondent's appeal on this issue.

A.R. 3. The BIA then affirmed the Immigration Judge's hardship determination and dismissed the appeal. Mendoza-Jovel filed a timely petition for review with this Court.

**II.**

Where, as here, the BIA issues its own opinion, we review that opinion as the final agency determination. *Umana-Ramos v. Holder*, 724 F.3d 667, 670 (6th Cir. 2013). Mendoza-Jovel's challenge presents a purely legal question, and we review questions of law de novo. *Id.*

**III.**

Mendoza-Jovel's sole argument on appeal is that the Memphis Immigration Court violated the relevant regulations governing venue in immigration proceedings by sua sponte transferring his case to the Louisville Immigration Court. The problem with this argument, however, is that Mendoza-Jovel makes no claim that this alleged violation caused him prejudice.[3] Our precedent makes clear that petitioners alleging violations of the venue-transfer regulation—8 C.F.R. § 1003.20(b)—must show prejudice. *Dugboe v. Holder*, 644 F.3d 462, 471 (6th Cir. 2011); *Tobias-Chaves v. Garland*, --- F.3d ----, 2021 WL 2328077, at *1-*3 (6th Cir. June 8, 2021).

Mendoza-Jovel argues that the prejudice requirement does not apply here because the alleged venue defect deprived the Louisville Immigration Court of subject-matter jurisdiction. Without subject-matter jurisdiction, he argues, "any decision is a nullity and prejudice need not be established." Mendoza-Jovel Br. at 19. But we recently rejected that precise argument in a case involving materially identical facts. *See Tobias-Chaves*, --- F.3d ----, 2021 WL 2328077 at *2-*3 (holding that prejudice requirement applied to Memphis Immigration Court's sua-sponte transfer of venue to Louisville Immigration Court, rejecting the petitioner's argument that the defect was "jurisdictional" and thus exempt from prejudice requirement). *Tobias-Chaves* controls here.

---

[3] It would be hard to do so. The 2018 hearing was in Louisville, Mendoza-Jovel's preferred location.

Accordingly, because Mendoza-Jovel failed to show that the transfer of venue caused him prejudice, we must DENY his petition for review.[4]

---

[4] Mendoza-Jovel's "jurisdictional" argument also assumes that principles governing "jurisdictional" arguments in the Article III context apply in the context of an agency adjudication. Other circuits have questioned that assumption. *See, e.g.*, *United States v. Cortez*, 930 F.3d 350, 357-58 (4th Cir. 2019) (collecting cases). They often cite *City of Arlington v. FCC*, 569 U.S. 290, 297 (2013). There, the Court stated that "the very real division between the jurisdictional and nonjurisdictional" in the Article III context "is a mirage" in the agency context, because "[n]o matter how it is framed, the question a court faces" when reviewing agency action "is always, simply, *whether the agency has stayed within the bounds of its statutory authority*." *Id*. Several circuits have applied this reasoning to question or reject the idea that principles governing Article III subject-matter jurisdiction (like the rule that jurisdictional arguments can never be forfeited or waived) apply to agency actions. *See, e.g.*, *Cortez*, 930 F.3d at 357-58; *Jalbert v. SEC*, 945 F.3d 587, 592-94 (1st Cir. 2019); *PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1362 (Fed. Cir. 2018); *Metro-N. Commuter R.R. Co. v. U.S. Dep't of Labor*, 886 F.3d 97, 108 (2d Cir. 2018); *1621 Route 22 W. Operating Co. v. NLRB*, 825 F.3d 128, 140-41 (3d Cir. 2016). In an unpublished immigration decision, we did the same. *Campos-Luna v. Lynch*, 643 F. App'x 540, 542-43 (6th Cir. 2016) ("Campos-Luna's contention . . . concerns the jurisdiction of the immigration court, which is not an Article III court. It is an Article I court, . . . and one in which arguments about the power of the court may be forfeited." (citing *City of Arlington*, 569 U.S. at 298) (other citations omitted)). Other decisions from our circuit—though not addressing agency adjudications—point in the same direction. *See St. Marys Cement Inc. v. EPA*, 782 F.3d 280, 287 (6th Cir. 2013) (argument framed as "jurisdictional" could be forfeited in rulemaking context); *cf. Shweika v. Dep't of Homeland Sec.*, 723 F.3d 710, 717 n.5 (6th Cir. 2013) (dictum) (*City of Arlington* "made clear that agency jurisdiction and federal-court jurisdiction are distinct concepts" and that the distinction between jurisdictional and nonjurisdictional "'is a mirage'" in the agency context (citation omitted)).

But in *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 310-11 (6th Cir. 2018), we applied traditional Article III subject-matter-jurisdiction principles to an immigration proceeding, holding that the petitioner did not waive a non-venue-related "jurisdictional" challenge to the immigration court's power to hear his case by first raising it in a reply brief. We did not mention the caselaw or issue noted above. *Tobias-Chaves* took a similar route, holding that the venue-transfer regulation is not "jurisdictional"—and that arguments relating to it are thus subject to a prejudice requirement—without discussing the *City of Arlington* issue. --- F.3d ----, 2021 WL 2328077, at *2-*3. *But cf. United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) ("Cases implicating issues that 'merely lurk in the record, neither brought to the attention of the court nor ruled upon,' do not establish binding precedent on the unexamined point." (citation omitted)). Ultimately, we need not definitively resolve this question—i.e., whether Article III principles regarding "jurisdictional" arguments have any place in the context of agency adjudications—because our answer would not affect the outcome here.