**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS VILLATORO-MOLINA, AKA Santos Villa,<br><br>      Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No. 18-72070<br><br>Agency No. A205-576-490<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

  Santos Villatoro-Molina, a citizen of Guatemala, petitions for review the

Board of Immigration Appeals' (BIA) order affirming the denial of his application

for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and

we dismiss in part and deny in part.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.   Villatoro argues that separation from his daughter would create an exceptional and extremely unusual hardship, and that this court should reverse the Immigration Judge (IJ) and BIA's judgments as a result.  This court has held that hardship determinations are discretionary.  *Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003).  We are statutorily barred from reconsidering discretionary decisions under 8 U.S.C. § 1252(a)(2)(B)(i), and so we lack jurisdiction to review this issue.  *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir. 2005).

2.   Next, Villatoro asserts that the IJ failed to inform him of his apparent eligibility for voluntary departure and did not allow him or his counsel to address the issue, violating his due process rights.  Reversal of the BIA's decision is appropriate only if the proceedings were so fundamentally unfair that Villatoro was unable to present his case, and if Villatoro shows he was materially so prejudiced that the violations affected the outcome.  *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006); *see also Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004) ("[T]here is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure.").  Neither of Villatoro's claims meet this threshold.

While the IJ has a duty to inform noncitizens of *apparent* eligibility for relief, the "apparent eligibility" standard of 8 C.F.R. § 1240.11(a)(2) is only triggered when "the facts before the IJ raise a 'reasonable possibility that the petitioner may be

eligible for relief.'" *C.J.L.G. v. Barr*, 923 F.3d 622, 626 (9th Cir. 2019) (quoting *Moran-Enriquez v. INS*, 884 F.2d 420, 423 (9th Cir. 1989)). Here, the IJ denied voluntary departure "because no evidence was presented regarding this form of relief from removal."[1] The IJ has no duty to comb the record for evidence of eligibility. *See United States v. Lopez-Velasquez*, 629 F.3d 894, 900 (9th Cir. 2010) ("Until the alien himself or some other person puts information before the judge that makes such eligibility apparent, this duty does not come into play.") (quoting *Moran-Enriquez*, 884 F.2d at 422).

Villatoro's claim that the IJ did not allow him to address his eligibility for voluntary departure also fails. There are no facts in the record to suggest Villatoro was denied this opportunity, and when the IJ asked if the parties wished to make any further arguments or submit further documents, Villatoro declined.

The BIA held that Villatoro had not "demonstrated any harm that deprived him of due process, including any prejudicial defects in the proceedings below." *See Matter of Santos*, 19 I&N Dec. 105, 112 (BIA 1984). Villatoro fails to show that his proceedings were fundamentally unfair or that he suffered any prejudice, so there are no grounds to reverse the BIA's decision.

**DISMISSED IN PART, DENIED IN PART.**

---

[1] Villatoro argues the IJ erred in finding that he lacked a good moral character. As the BIA explained, the IJ did not make an explicit finding regarding Villatoro's moral character.